UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TOKIO MARINE AND FIRE INSURANCE COMPANY,

    Plaintiff,

v.

AUTO WAREHOUSING COMPANY,

    Defendant.

Case No. C04-5449RBL

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

    This matter comes before the Court on Defendant Auto Warehousing Company's ("AWC") Motion for Summary Judgment [Dkt. #35]. The case involves losses sustained by Plaintiff Tokio Marine's insured, American Suzuki, between August 10, 2000 and October 20, 2003. In that period, at least 34 Suzuki vehicles stored at AWC's facility were damaged. Tokio Marine, Suzuki's insurer, paid the loss and now seeks subrogation from AWC.

    This is Defendant's[1] second Motion for summary judgment based on the California limitations period applicable to Plaintiff's claims. The court previously dismissed the Plaintiff's time-barred negligence claims. It reserved ruling on the applicability of the California two-year limitations period for oral contracts, awaiting evidence and argument on the contract at issue and the limitations period applicable to it.

---

[1] Defendant Auto Warehousing is the successor in interest to "TNT" which signed and apparently initially performed under the 1991 Agreement.

ORDER
Page - 1

In its current motion, Defendant argues that there is no written contract between the parties governing the provision of security at the Detroit facility – the basis for Plaintiff's claims in this case – and that in the absence of such a writing, any contract must necessarily be an oral one. Because all but one of the losses at issue occurred more than two years prior to filing, defendant seeks dismissal of those contract-based claims. It argues that the one writing that was signed related primarily to the construction of the building, and did not address the parties' ongoing relationship, including defendants' "processing" of Suzuki automobiles, and particularly the provision of security for the facility.

Plaintiff argues that there *is* a writing governing the parties' relationship: the 1991 agreement both parties acknowledge. That agreement, as is often the case, provides both parties some succor. It is clearly aimed primarily at the construction of the building, but in several places also addresses the defendant's use of the building.[2]

For example, the 1991 agreement sets out the rate of payment to Suzuki for plaintiff's use of the facility to process vehicles from other manufacturers. It also provides (at Paragraph 5) that "the services referred to herein shall be performed in a manner that is both timely and within the guidelines specified by Suzuki and that [defendant] shall use its best efforts , to the satisfaction of Suzuki, to perform all services required of it." Paragraph 6 requires Defendant to purchase and maintain a CGL policy during the life of its lease of the property from a third party, covering losses during the "construction and/or use of the [building] and the processing detailing, accessorizing, washing and storage of vehicles." Paragraph 7 requires defendant to indemnify Suzuki for "any loss, damage, or injury to person or property arising from or related to the performance of this agreement, including [defendant's] use and maintenance of the building[.]"

The plaintiff has submitted an attachment "A" to the contract, dated a decade after the 1991 agreement. Defendant objects to this document, arguing that it does not contain an exchange of promises and that it is not referenced in the 1991 agreement. It is in any event a pricing schedule reflecting the payments to be made for "accessorizing" various vehicles, and it is signed by both parties.

---

[2]The 1991 agreement provides that California law shall govern any disputes arising under it, and also that any such disputes shall be litigated in California.

**A.    Summary Judgment Standard.**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

**B.    The applicable limitations period.**

The facility at which the losses occurred is located in Detroit, Michigan. The 1991 written Agreement provided for the application of California law, and for venue in California. [See Agreement at Paragraph 13]. It was executed by Defendant AWC's predecessor, TNT, a Washington corporation doing business in Tacoma, and American Suzuki (Plaintiff's insured), located in California. Plaintiff presumably sued in this District because TNT was a Tacoma, Washington entity. The parties have not addressed the venue issue.

The parties do apparently agree that this dispute is governed by the laws of California, but for different reasons. Defendant relies on Plaintiff's citation to that law, and Plaintiff relies on the 1991 agreement's reference to California law. The court relied on this apparent agreement in previously dismissing the Plaintiff's negligence claims under California law, though that does not necessarily answer the choice of law question. *See* Defendant's previous Motion for Summary Judgment [Dkt. #9].

Defendant now seeks summary dismissal of the Plaintiff's contract claims. It argues that the parties' written contract requires the application of California law, while simultaneously claiming that that contract does not govern this dispute. It apparently argues that because Plaintiff has asserted the application of California law, that law governs, even though Defendant refuses to accept Plaintiff's contemporaneous assertion that the contract at issue is a written one. Defendant argues by process of elimination that if there

ORDER
Page - 3

is no written agreement then there must be an oral one. It does not, however, submit testimony suggesting, much less establishing, the existence of an oral agreement or its terms.  In any event, Defendant asks the court to apply the California limitations period to the oral agreement and dismiss either the entire suit, or at least those claims which arose more than two years prior to the commencement of this lawsuit.

Plaintiff responds that, as a factual matter,  the parties treated the 1991 Agreement as the operating agreement governing the "accessorizing" of vehicles, and not just a "construction contract."  It has submitted evidence in the form of deposition testimony establishing this fact. And, as is outlined above, the writing does address a number of issues beyond the initial construction of the building, including AWC's predecessor's obligation to obtain insurance and to indemnify Plaintiff for any losses arising from its use of the building.  Furthermore, Attachment "A" does address at least part of the parties' agreement to process and accessorize vehicles.

Plaintiff also argues that the extrinsic evidence, primarily the parties' course of performance of the 1991 agreement, is admissible and persuasive evidence of that agreement's terms.  It argues that under California law, a writing encompasses not only the terms actually used, but also "what is necessarily implied from the language used."

Under the law of California, the limitations period for a claim for breach of an oral agreement is two years.  Cal. Civ. Proc. Code §339.  The limitations period for breach of a written agreement is four years.  Cal. Civ. Proc. Code §337.

California law also permits the introduction of parol evidence to assist the court in construing the parties' written contract.[3] *See* Cal. Code Civ. Proc. §1856(c) and the official comment thereto.  This section also accepts that the parties' course of performance of their agreement, their course of dealing, and usage of trade all are telling indicators of the parties' intent – which is of course the court's primary objective in construing the contract. *See also Winet v. William E. Price*, 4 Cal App. 4th 1159 (1992).

In this case, Plaintiff demonstrates that while the parties' contract may not have expressly assigned the provision of security to AWC, such a conclusion is readily implied from other contract terms, and their course of performance of the agreement is powerful evidence that both parties agreed that AWC would do so. It "stored" Plaintiff's vehicles, was required to have a CGL policy, and was required to indemnify

---

[3]The agreement at issue was not as thorough as the parties now wish it was, and it did not include an integration clause, or prohibit oral modifications to it.

ORDER
Page - 4

Plaintiff for losses.  And, consistent with these provisions, it routinely paid claims similar to those in this case over the agreement's life.

Defendant now argues that the 1991 agreement's subject matter was solely the construction of the building, and that it did not address the provision of security.  It also argues, in an apparent attempt to "knock out" the writing, that it is not enforceable against AWC because it does not impose upon AWC any obligation to process any vehicles.  AWC argues that in the absence of a written agreement (either because the one writing in evidence does not address the current dispute, or because it cannot be considered because it is not enforceable) the parties' agreement is necessarily an oral one.  Thus, it argues, the limitations period is necessarily that applicable to oral contracts under California law – two years.

As an initial matter, it should be pointed out that the court is asked in this motion to rule on the timeliness of the Plaintiff's claims, not to rule as a matter of law that the Plaintiff's claims fail because the contract at issue is not enforceable.  Defendant's argument about lack of consideration and enforceability would apply equally if the flawed contract did in fact explicitly assign the security task to the Defendant. In that case, the defense would be an affirmative one – the contract upon which plaintiff's claim is based is not enforceable.  However, Defendant concedes there is a contract; it performed the contract for a decade or more.  It asks the court to rule as a matter of law that the agreement was oral, though neither party has produced evidence of an oral agreement.

Instead, viewing the evidence in the light most favorable to the Plaintiff establishes that the 1991 agreement was treated by the parties as a binding contract.   The pricing schedule, though not referenced in the original agreement, appears to be the parties' later revision of the amounts to be paid to AWC for the vehicles that it admittedly processed.  There is no integration clause[4] in the 1991 agreement, and Attachment "A" is not even alleged to be inconsistent with its terms.  Though the agreement did not require AWC to process vehicles, it did provide for payment to AWC in the event it did so.  It also imposed a variety of other obligations, including insurance and indemnity.

Defendant asks the court to rule as a matter of law that the 1991 agreement does not apply to this dispute.  The documents provided, and parties' course of dealing, viewed in the light most favorable to the

---

[4]Indeed, the agreement appears to invite subsequent terms.  *See*, for example, paragraph 5, requiring AWC to perform "within the guidelines specified by Suzuki," and to use "best efforts to perform the services required of it."

ORDER
Page - 5

1  Plaintiff, establishes that there was an agreement, and that both parties believed they had an agreement, and
2  they performed it in a manner evidencing their agreement that AWC was responsible for losses at the
3  facility due to vandalism and the like.  For these reasons, the parties' 1991 agreement, while not expressly
4  addressing the issues in the case, does apply to the parties' relationship under California law.  Thus, Cal.
5  Civ. Proc. Code §337's four year limitations period for claims alleging breach of a written contract applies.
6  Defendant's Motion on the basis of the two year limitations period is therefore DENIED.

7  The Defendant's Motion must be also be denied for a separate reason.  AWC argues that a separate
8  oral agreement governed the vehicle processing portion of their relationship, including the provision of
9  security. The court is mindful of its obligation to view the evidence in the light most favorable to the non-
10  moving party, in this case the plaintiff.  There is no evidence of a separate oral agreement.

11  However, even if the court were to accept Defendant's  premise that there was a separate oral
12  agreement governing the provision of security, the terms of that agreement, and the circumstances
13  surrounding its execution and performance, have not been adequately described for the court to rule as a
14  matter of law that California law applies to it.  Indeed, the only conflict of law analysis provided by AWC
15  relates to the potential conflict between the forum state and California.  That analysis assumes that the
16  parties agreed to apply California law.  But there is no evidence of any oral agreement, at all, and certainly
17  not one requiring the application of California law.  Plaintiff's claim that California law applies to its claim
18  for breach of the written agreement (consistent with that writing's specification of California law) is not a
19  binding admission that California law applies to an alternate oral agreement urged (only) by the Defendant.

20  It is entirely possible that a conflicts analysis of some separate, undisclosed, oral agreement
21  regarding the provision of security at the Detroit facility would lead to the application of the law of
22  Washington or Michigan, instead of the law of California.  Thus, even accepting the Defendant's argument
23  that the agreement at issue was an oral one, on the record before the court it cannot be said as a matter of
24  law that the California limitations period applies to a claim for breach of that contract.

25  //
26  /
27
28  For these reasons, the Defendant's Motion for Summary Judgment [Dkt. #35] is DENIED.

1     DATED this 27th day of October, 2005.

*/s/ Ronald B. Leighton*
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE